**IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**CHARLESTON DIVISION**

TIMOTHY HILL, et al.

                          Plaintiffs,

v.                                    CIVIL ACTION NO.   2:16-9851

FORD MOTOR COMPANY,

                          Defendant.

**MEMORANDUM OPINION AND ORDER**

        Pending before the Court is Ford Motor Company's Motion to Stay this action until the Court has decided whether or not to certify a class in the currently-pending *Johnson v. Ford Motor Co.*, Civ. Act. No. 3:13-06529.[1] *Johnson* and *Hill* are substantially identical cases and are represented by the same counsel. Ford argues that a stay in the *Hill* case is justified because allowing it to proceed will cause undue prejudice and delay in the *Johnson* case. Specifically, Ford asserts counsel will be required to divert their attention from *Johnson* in order to file a motion to dismiss in *Hill* and commence an extensive and expensive discovery process. As the parties already have spent nearly four years in litigation in the *Johnson* case, Ford further argues it would be incredibly inefficient for the parties to embark on a parallel action when decisions in the *Johnson* case will have great precedential, and perhaps controlling, effect on the *Hill* case.

---

[1] *Johnson* was consolidated with two parallel actions for pretrial purposes on August 6 and 13, 2013. *Sub nom. Belville v. Ford Motor Co.*, 3:13-6529, ECF No. 44 & 46 (consolidating with 3:13-14207 and 3:13-20976).

In their Response, Plaintiffs share Ford's concern that these actions proceed in an efficient manner. To accomplish this goal, however, Plaintiffs do not believe a stay is sufficient by itself and, therefore, Plaintiffs filed as part of their Response a Cross-Motion for a Case Management Order Establishing Bellwether Protocol. ECF No. 7. Plaintiffs argues that the Court enter a case management order "(1) consolidating the *Hill* action with the related action of *Johnson* . . . for discovery and pretrial purposes; (2) sequencing the upcoming class certification and summary judgment briefing in the *Johnson* action to start with five bellwether states; and (3) staying all other claims until the first bellwether process is complete." *Pls.' Resp. to Ford Motor Co.'s Mot. to Stay and Cross-Mot. for Case Mgmt. Order Establishing Bellwether Protocol*, at 1, ECF No. 7.

In its Reply, Ford objects to consolidating *Hill* with *Johnson* and to scheduling bellwether cases in a consolidated action. As argued by Ford, this Court previously rejected Plaintiffs' attempt to add fourteen of the sixteen named Plaintiffs in the *Hill* case to the *Johnson* action. *Johnson v. Ford*, Civ. Act. Nos. 3:13-6529, 3:13-14207, 3:13-20976, 2015 WL 5443550, at *2 (Sept. 15, 2015). At that time, the Court held that adding new Plaintiffs to the *Johnson* case would require Ford "to conduct extensive and expensive discovery on each new Plaintiff's claims," resulting in "hit[ting] the reset button to this litigation to a significant extent." *Id*. at *5. In addition, the Court found that joining the "proposed Plaintiffs inevitably will delay resolution of this matter." *Id*.

Over a year later, *Hill* was filed as a stand-alone action, which Plaintiffs now seek to consolidate with *Johnson*. Upon consideration, the Court agrees with Ford that Plaintiffs'

decision to wait over a year to bring a new action and then attempt to consolidate it with the existing action is an effort to make an end-run around this Court's previous decision denying Plaintiffs' motion to add new parties to the *Johnson* case. Consolidation does not alleviate any of the concerns the Court expressed in its previous *Johnson* decision with respect to undue prejudice and delay. In fact, Plaintiffs admit that six of the eleven statewide classes sought in *Hill* are not covered by *Johnson*. Thus, to the extent there are individual state-law claims not addressed in the *Johnson* case, it is likely there will be complex questions raised in a motion to dismiss on whether specific claims should be dismissed, followed by extensive and expensive discovery conducted on all the claims that survive. The fact discovery in *Johnson* is even closer to being concluded than it was when this Court denied joinder over a year ago increases, not lessens, the undue prejudice and delay that will result in *Johnson* if the Court permits consolidation. Accordingly, the Court **DENIES** Plaintiff's motion to consolidate the actions at this time. In addition, as the Court has denied consolidation, the Court **DENIES AS MOOT** Plaintiffs' request to establish a case management order establishing a bellwether protocol.

Turning next to Ford's Motion to Stay this action, this Court has the authority to stay an action based upon its inherent power "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). "The party seeking a stay must justify it by clear and convincing circumstances outweighing potential harm to the party against whom it is operative." *Williford v. Armstrong World Indus., Inc.*, 715 F.2d 124, 127 (4th Cir. 1983). In considering whether to stay an action, the Court should consider: "(1) the interests of judicial economy; (2) hardship and equity to the moving party if the action is not stayed; and (3) potential prejudice to the non-moving party."

*Tolley v. Monsanto Co.*, 591 F. Supp.2d 837, 844 (S.D. W. Va. 2008) (quoting *Meyers v. Bayer AG*, 143 F.Supp.2d 1044, 1049 (E.D. Wis.2001)).

Upon review, the Court finds that these criteria weigh heavily in favor of granting a limited stay. As explained above, *Hill* is a parallel action to *Johnson*, but proceeding in *Hill* at this juncture will not promote efficiency for the parties or the Court. Without doubt, allowing *Hill* to proceed will significantly slow the progress in *Johnson* as the parties and the Court grapple with complex motions and begin the arduous discovery process. On the other hand, if *Johnson* remains on track, it likely will have a positive impact on the parties' efficiency in litigating *Hill* after the stay is lifted by giving them more direction and guidance on the best course to proceed. In addition, for the reasons stated above, the Court finds that Ford will experience a significant hardship and substantial prejudice if a stay is not granted, but Plaintiffs will suffer little prejudice if the Court grants a limited stay.[2] Thus, the Court finds that Ford has established by clear and convincing circumstances that the potential harm it will incur by not granting a stay far outweighs any potential harm that may befall Plaintiffs by granting it. Therefore, the Court **GRANTS** Ford's Motion to Stay. To be clear, however, the stay in this case will be limited. After the Court enters a Scheduling Order in the *Johnson* action, the Court will reconsider whether a continuation of the stay in *Hill* remains necessary and, if so, to what extent.

---

[2]In fact, Plaintiffs suggest that, if the Court had granted consolidation, a stay should be granted with respect to all claims in *Hill* "not proceeding to class certification and summary judgment briefing" and "extended to any further discovery or motion practice with respect to the claims in the *Johnson* action that are not selected for the first bellwether stage." *Pls.' Resp. to Ford Motor Co.'s Mot. to Stay and Cross-Mot. for Case Mgmt. Order Establishing Bellwether Protocol*, at 4, ECF No. 7.

Accordingly, for the foregoing reasons, the Court **GRANTS** Ford's Motion to Stay (ECF No. 4) and **DENIES** Plaintiffs' Cross-Motion for a Case Management Order Establishing Bellwether Protocol, which included their motion to consolidate. ECF No. 7.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

ENTER:        January 5, 2017

ROBERT C. CHAMBERS, CHIEF JUDGE